# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**PAULINE KEITH**                                                    **PLAINTIFF**

**V.**                 **NO. 2:24-CV-00176 BRW-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                      **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Pauline Keith ("Keith"), applied for Title II disability and disability insurance benefits on September 9, 2020, alleging a disability onset date of September 27, 2019. (Tr. at 14). The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Keith was not disabled. (Tr. at 14-25). On July 25, 2024, the

Appeals Council declined to review the ALJ's decision. (Tr. at 1-6). Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Keith has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

## II. The Commissioner's Decision:

Keith meets the insured status requirements of the Social Security Act through September 30, 2025. (Tr. at 17). The ALJ found that Keith has not engaged in substantial gainful activity since the alleged onset date of September 27, 2019.[1] *Id*. At Step Two, the ALJ found that Keith has the following severe impairments: colon cancer, osteoarthritis, degenerative disc disease, obesity, and neuropathy. *Id*.

At Step Three, the ALJ found that Keith's severe impairments did not meet or equal a listed impairment.[2] (Tr. at 17-18). Next, the ALJ determined that Keith had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional restrictions: (1) no more than occasional stooping, kneeling,

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[2] 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

crouching, or crawling; (2) no more than occasional reaching overhead, bilaterally; (3) no more than occasional climbing of stairs; and (4) never climbing ropes, ladders, or scaffolds. (Tr. at 18).

At Step Four, based on testimony from a Vocational Expert ("VE"), the ALJ determined that Keith could perform her past relevant work. (Tr. at 24). Therefore, the ALJ concluded that Keith was not disabled. (Tr. at 24-25).

### III.  Discussion:

####   A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.   Keith's Arguments on Appeal

Keith contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ failed to properly consider Keith's alleged need for a cane or an assistive device. The Court finds support for Keith's argument.

Keith suffered from back, hip, and knee pain. Objective imaging showed lumbar spondylosis, lumbar disc herniation, and severe left knee osteoarthritis. (Tr. at 1662-1670). Keith treated with medications, physical therapy, and steroid injections, which only brought marginal relief. (Tr. at 1893). She attended twelve sessions of physical therapy in 2022. (Tr. at 1610-1654). The physical therapist noted impaired range of motion in her knees and low back, diminished strength in

4

her lower extremities, and she said that pain limited Keith's activities. *Id*. While she noted that Keith had an unsteady gait, walked with a limp, and was a fall precaution, the physical therapist also said that Keith was independent with ambulation. *Id*. But after twelve sessions, Keith's pain remained the same, at a 7 out of 10. *Id*. The physical therapist referred Keith to an orthopedic surgeon. *Id*.

Keith's PCP, Mary Margaret Minsky, PA-C, treated Keith since 2020. (Tr. at 1892-1896). She noted Keith's pain, edema, chronic swelling leg swelling, loss of bladder control, and difficulty sitting, standing, and walking. *Id*. She noted that Keith walked with a limp. *Id*.

In a medical source statement dated June 5, 2023, Ms. Minsky said that due facet arthrosis, chronic pain, and neuropathy (not to mention degenerative disc disease and osteoarthritis), Keith would need a cane or other assistive device to perform occasional walking or standing (which is required for a sedentary RFC). *Id*. Ms. Minsky wrote that balance was problematic. *Id*. She said Keith would also need to take frequent breaks and elevate her legs and that she could lift or carry less than 10 pounds. *Id*. Ms. Minsky further discussed that treatment was not working. *Id*. The record bears that out.

The ALJ found this opinion to be unpersuasive. One reason he gave was that treatment evidence "recommends but does not require a cane." (Tr. at 23). Indeed,

5

at an August 2023 visit, another of Keith's doctors recommended she use a cane; however, no doctor prescribed the use of a cane. (Tr. at 1664). Whether Keith needed to use a cane was an issue in conflict.

The two state-agency medical experts reviewed the medical evidence and issued opinions in November 2020, and February 2022, that said Keith could perform light exertional work (the ALJ limited her to sedentary work in the RFC). (Tr. at 73-78, 80-86). They did not comment on whether a cane was necessary. And their review occurred before much of the treatment related to Keith's knees or back occurred. The ALJ found these opinions to be inconsistent with "imaging studies showing osteoarthritis in the knees causing the claimant to limp and sometimes use a cane." (Tr. at 23). How can we square the ALJ's two statements about conflicting medical opinions (Ms. Minsky's opinion versus the state-agency experts' opinions)? An ALJ must give good and clear reasons about the persuasiveness of medical opinions.[3] His reasons here are muddled with respect to the use of a cane. He uses

---

[3] An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and it is consistent with other evidence in record." *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, at *1 (8th Cir. May 31, 2022) (unpublished per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020) (first citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017); then citing Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030).

contrary and confusing language in his evaluations of the medical opinions and does not follow regulations regarding the use of a cane.

For example, Social Security Ruling 96-9p addresses exertional limitations and restrictions including those related to a medically required hand-held assistive device. 1996 WL 374185, at *1, 7. Determining medical necessity is required based on the particular facts of the case. *Id*. That's exactly it…an ALJ must determine and make a finding of whether a cane is necessary in a case like this, where the evidence shows that the claimant needs a cane for balance, has a limping gait, and multiple providers suggest she use one. As Keith points out, "the prescription or lack or prescription for an assistive device is not always dispositive of medical necessity." *Lopez v. Kijakazi*, No. 6:20-CV-03470-KFM, 2021 WL 9583497, at *4 (D.S.C. July 20, 2021). An ALJ's failure to make specific findings about the necessity of a cane impedes the Court's ability to review the decision. See *Emery v. Berryhill*, No. 17-CV-1988, 2018 WL 4407441, at *4 (D. Minn. Sept. 17, 2018).

The ALJ did not properly address or evaluate Keith's need for a cane or assistive device. The record was in conflict on that issue: (1) sometimes Keith walked with a limp and sometimes she did not; (2) sometimes providers recommended a cane and sometimes they did not; and (3) the evidence of pain, limitation on activities, and failed conservative treatment arguably suggest that a

cane was necessary. It was up to the ALJ to acknowledge and resolve the conflict. Instead, he only muddied the waters, and he did not ask the VE about the use of a cane at Step Four, which further frustrates judicial review.[4] (Tr. at 63-65). Therefore, reversal is required.

### IV.  **Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed properly consider and discuss conflicting evidence on the need for a cane or assistive device.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 24th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] An ALJ must build "an accurate and logical bridge" from the evidence to his conclusions. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). Failure to do so frustrates meaningful review. *See St. Clair v. Colvin*, No. 2:12-04250-DGK-SSA, 2013 WL 4400832, at *5 (W.D. Mo. Aug 14, 2013) (adopting "logical bridge" analysis); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings at Step Three were insufficient for meaningful appellate review).